UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Malcolm and Tim McGough et al.,           Civil No. 06-472 (JRT/FLN)

       Plaintiffs,

       v.                                             **REPORT AND RECOMMENDATION AND ORDER**

TCM Construction, Inc.,
Donald Crowther and
Nancy Ahlquist,

       Defendants.

_____

Amy Court for Plaintiffs.
Maya Sullivan for Defendant Nancy Ahlquist.

_____

      **THIS MATTER** came before the undersigned United States Magistrate Judge on December 11, 2006, on Plaintiff's Motion for order to show cause and for sanctions [#31]. For the reasons which follow, this Court orders that default be entered against Defendant Ahlquist and that Plaintiff submit an affidavit of the amount due in the present case. For the reasons which follow, this Court recommends that judgment be entered in favor of Plaintiffs' and against Defendant Ahlquist in the amount to be established by Plaintiffs' affidavit.

## I.   FINDINGS OF FACT

      On August 29, 2006, Plaintiffs' served Interrogatories and Requests for the Production of Documents upon Defendants. (Affidavit of Amy L. Court (hereinafter "Court Aff.") ¶ 2.) Defendants failed to provide answers to this discovery. (Court Aff. ¶¶ 3-5.) On October 17, 2006, Plaintiffs' moved to compel Defendants to respond to Plaintiffs' Interrogatories and Request for Production of Documents.

(Docket. No. 21.) On November 13, 2006, a hearing was held before this Court on Plaintiffs' motion to compel Defendants to respond to Plaintiffs' Interrogatories and Requests for Production of Documents. On November 13, 2006, this Court issued an order compelling Defendants to respond to Plaintiffs' Interrogatories and Requests for Production of Documents within five days from the date of the Order. (Docket No. 29.) Defendants failed to respond to Plaintiffs' Interrogatories and Requests for Production of Documents within five days of this Court's November 13, 2006, order.

On November 21, 2006, Plaintiffs' filed a motion seeking an order to show case and for sanctions. (Docket No. 31.) Plaintiffs' motion seeking an order to show cause and for sanctions was set for a hearing on December 11, 2006. Prior to the hearing on this matter, this Court ordered Defendants Nancy Ahlquist and Donald Crowther to personally appear before this Court on December 11, 2006,

> to show cause, if any, why a contempt of court order should not be entered adjudging it in civil contempt of this Court for continuing to refuse to provide responses to the Plaintiffs' discovery and that it should show cause why sanctions in the form of default judgment should not be ordered.

(Docket No. 36.)

Prior to the hearing on this matter, Defendants Donald Crowther and TCM Construction provided discovery responses to Plaintiffs and therefore Plaintiffs withdrew their motion as to these Defendants. However, Defendant Nancy Ahlquist continued to refuse to answer Plaintiffs' discovery requests. On December 11, 2006, this Court held a hearing on this matter. Plaintiffs' attorney stated at the hearing that, on the morning of the hearing, Defendant Ahlquist's attorney provided her with a copy of the minutes from one meeting of the Board of Directors of TCM Construction. Plaintiffs' attorney was also provided with written responses to Plaintiffs discovery requests by Defendant Ahlquist's attorney on the morning of the

hearing. Although Plaintiffs' attorney acknowledged receiving said responses, she stated that these responses essentially inform Plaintiffs' that none of the documents they request are available because Defendant Ahlquist is no longer an officer of TCM Construction. Plaintiffs' attorney stated that Defendant Ahlquist did not provide any information as to why she could not provide Plaintiffs' with the requested information.

Defendant Ahlquist did not personally attend the hearing. Defendant Ahlquist's attorney attended the hearing and stated that on December 7, 2006, she received a call from Defendant Crowther, who is not her client. Defendant Ahlquist's attorney stated that Defendant Crowther informed her that he would send her a copy of the TCM Construction Board of Directors meeting minutes. These same minutes were the minutes that Defendant Ahlquist's attorney provided to Plaintiffs' attorney prior to the hearing. Defendant Ahlquist's attorney stated that she received the Board of Director meeting minutes from Defendant Crowther and that this information was all the information Defendant Ahlquist's attorney had regarding the discovery requests. Defendant Ahlquist's attorney informed the Court that she requested the information covered by Plaintiffs' discovery requests from her client but had never received that information. Defendant Ahlquist's attorney stated that Defendant Ahlquist was aware that Plaintiffs' filed a motion to compel in this case and that this Court granted Plaintiffs' motion. Defendant Ahlquist's attorney informed the Court that she has not received any responses from Defendant Ahlquist. Defendant Ahlquist's attorney, not Defendant Ahlquist, prepared the responses to the discovery that she forwarded to Plaintiffs' counsel on the day of the hearing, based on information Defendant Ahlquist's attorney knew and based on the corporate minutes she received from Defendant Crowther.

## II.  LEGAL ANALYSIS

As detailed above, Defendant Nancy Ahlquist has utterly failed to respond to Plaintiffs' discovery requests. Federal Rule of Civil Procedure 37(b)(2)(C) states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . [including] . . . [a]n order . . . rendering judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). In the present case, Defendant Ahlquist has failed to obey this Court's November 13, 2006, order requiring her to respond to Plaintiffs' discovery requests. In addition, Defendant Ahlquist failed to obey this Court's November 22, 2006, order requiring her to personally appear before this Court to show cause as to why a default judgment and contempt of court order should not be entered against her. (Docket No. 36.) As Defendant Ahlquist has failed to abide by this Court's November 13, 2006, and November 22, 2006, orders, this Court finds that Defendant Ahlquist is in default. The Court orders Plaintiff to submit an affidavit of the amount due in the present case. The Court recommends that judgment be entered in favor of Plaintiff and against Defendant Ahlquist in the amount established by Plaintiff's affidavit.

## III.  ORDER

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Default be entered against Defendant Ahlquist; and,

2.  Plaintiffs' are ordered to submit an affidavit of the amount due in the present case.

## IV.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that judgment be entered in favor of Plaintiffs' and against Defendant Nancy Ahlquist in the amount to be

established by Plaintiffs' affidavit.


DATED: December 18, 2006                            s/ *Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 8, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 8, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.