UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT MALCOLM and TIM MCGOUGH, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and Twin City Carpenters Vacation Fund; and each of their successors,<br><br>Plaintiffs,<br><br>v.<br><br>TCM CONSTRUCTION, INC., DONALD CROWTHER, and NANCY AHLQUIST,<br><br>Defendants. | Civil No. 06-472 (JRT/FLN)<br><br><br><br><br><br>**ORDER** |

Amy L. Court, **MCGRANN, SHEA, ANDERSON, CARNIVAL, STRAUGHN & LAMB, CHARTERED**, 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402, for plaintiffs.

Maya C. Sullivan, **LAW OFFICE OF MAYA C. SULLIVAN, L.L.C.**, 101 Union Plaza, 333 Washington Avenue North, Minneapolis, MN 55401, for defendant Nancy Ahlquist.

Plaintiffs are trustees and fiduciaries of several fringe benefit funds under the Employee Retirement Income Security Act. Plaintiffs allege that defendants TCM Construction, Inc., Donald Crowther, and Nancy Ahlquist failed to make certain fringe benefit contributions to the funds. This matter is before the Court on defendant Nancy Ahlquist's objections to the Report and Recommendation and Order of United States

Magistrate Judge Franklin L. Noel dated December 18, 2006, granting plaintiffs' motion for sanctions and recommending entry of default judgment against defendant Nancy Ahlquist. For the reasons set forth below, the Court affirms the Magistrate Judge's Order but rejects the Report and Recommendation.

## BACKGROUND

Plaintiffs filed this lawsuit against defendants seeking damages and expenses incurred in attempting to collect defendants' delinquent payments, and a reporting of defendants' fringe benefit fund reports. Plaintiffs also seek to audit certain of defendants' business records. On August 29, 2006, plaintiffs served interrogatories and requests for the production of documents upon defendants. Defendants failed to provide answers to these discovery requests. On October 17, 2006, plaintiffs moved to compel defendants to respond to the discovery requests. Following a hearing on November 13, 2006, the Magistrate Judge issued an order compelling defendants to respond to plaintiffs' discovery requests within five days from the date of the order. Defendants failed to comply with the order.

On November 21, 2006, plaintiffs moved for an Order to Show Cause and for Sanctions. The Magistrate Judge ordered defendants Nancy Ahlquist and Donald Crowther to appear personally before the Court to show cause why sanctions in the form of default judgment should not be ordered. Prior to the hearing on this matter, defendants Crowther and TCM Construction provided discovery responses to plaintiffs and plaintiffs

withdrew their motion as to those defendants. Ahlquist did not answer plaintiffs' discovery requests.

On December 11, 2006, the Magistrate Judge held a hearing on plaintiffs' motion. Despite the Magistrate Judge's order that she personally appear, Ahlquist did not attend the hearing. Plaintiffs' counsel stated that prior to the hearing, Ahlquist's attorney provided to defendants a copy of the minutes from one meeting of TCM Construction's Board of Directors, as well as some written responses. However, the responses provided none of the information requested by plaintiffs' discovery and did not explain why such information could not be provided. According to Ahlquist's counsel, the meeting minutes had been provided to her by defendant Crowther and were the only information she had relating to plaintiffs' discovery requests. Ahlquist's counsel also stated that she had requested the information sought by plaintiffs' discovery requests from Ahlquist, that she had not received any communication from Ahlquist, and that Ahlquist was aware that plaintiffs' motion to compel had been granted.

The Magistrate Judge determined that because Ahlquist had failed to respond to plaintiffs' discovery requests, and had failed to obey the Magistrate Judge's two prior orders, she was in default. Accordingly, the Magistrate Judge ordered a clerk's entry of default against Ahlquist, and recommended that judgment be entered in favor of plaintiffs and against Ahlquist.[1]

---

[1] The Magistrate Judge recommended that judgment be entered in favor of plaintiffs and against Ahlquist in an amount to be established by plaintiffs' affidavit. Plaintiffs submitted affidavits to the Court establishing a total amount due of $88,729.53. (*See* Affs. Of Paul Theirl and Amy L. Court.)

## ANALYSIS

A magistrate judge's order on nondispostive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). The Court reviews defendant's objections to the Magistrate Judge's Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). Ahlquist argues that she responded to the discovery requests prior to the December 11, 2006 hearing, and that any additional information relating to the requests was unavailable to her because she was no longer an officer of the corporation. She further argues that the other defendants had provided plaintiff with the requested information. Because the other defendants' responses satisfied plaintiffs' discovery requests, Ahlquist argues that a default judgment against her would not be in the best interest of the court.

Under Federal Rule 55(a), the clerk shall enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In addition, where a party fails to obey a discovery order, Federal Rule 37 permits the Court to issue sanctions against the party, including a judgment by default. Fed. R. Civ. P. 37(b)(2)(C). Judgment by default is a severe sanction that is to be used sparingly. *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977). Default judgment is appropriate "where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001).

The Court finds that Ahlquist disregarded court orders and failed to appear before the court to show cause. As such, the Court finds that the Magistrate Judge properly ordered a clerk's entry of default against Ahlquist. *See* Fed. R. Civ. P. 55(a). However, the Court finds that entry of default judgment in favor of plaintiffs and against Ahlquist is not an appropriate sanction. Because the other defendants in this case are potentially liable jointly and severally for the fringe benefit contributions, the Court finds that an order of default judgment against Ahlquist is not proper until the conclusion of these proceedings as to all defendants. Further, while Ahlquist failed to provide discovery, she contends that plaintiffs were able to secure the requested discovery from the other defendants in this action.[2] The record is unclear in this regard and, as a result, the record does not support an order of default judgment against Ahlquist at this time.

The Court concludes that Ahlquist's actions in this case may warrant sanctions in some form, however. Defendants may therefore seek an alternative form of sanctions against Ahlquist by motion if her lack of response to the discovery requests are material to this action. The Court further notes that any failure by Ahlquist to follow court orders in the future will result in a default judgment against her in the amount established by plaintiffs' affidavit.

## ORDER

---

[2] The Court notes that the record is unclear whether the other defendants indeed provided the discovery that was requested of Ahlquist. If plaintiffs can identify specific discovery requests that have not been provided by Ahlquist and that impede the prosecution of their claim against her, plaintiffs should include such information in their motion for sanctions against Ahlquist. The Court will consider the appropriate remedy at that time.

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's December 18, 2006 Order for entry of default [Docket No. 39] is **AFFIRMED**.

2. The Court **SUSTAINS** defendant Ahlquist's objections [Docket No. 45] and **REJECTS** the Magistrate Judge's December 18, 2006 Report and Recommendation [Docket No. 39] entering default judgment in favor of plaintiffs and against defendant Ahlquist.

3. Plaintiffs may seek an alternative form of sanctions against defendant Ahlquist by motion if warranted by the record in this case.


DATED: May 10, 2007                            s/John R. Tunheim
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                                     United States District Judge